

> The Republic shall submit a
> response on or before January 14,
> 2022.
>
> SO ORDERED.
>
> *Loretta A. Preska*
> 1/11/2022

Javier Bleichmar
212 789 1341 direct
212 205 3961 fax
jbleichmar@bfalaw.com

January 10, 2022

**BY ECF**

Hon. Loretta A. Preska
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 12A
New York, New York 10007-1312

Re:   *Novoriver S.A. v. Argentine Republic*, No. 1:19-cv-09786 (S.D.N.Y.)

Dear Judge Preska:

On behalf of Plaintiff Novoriver S.A. ("Plaintiff"), we are writing to request a pre-motion discovery conference pursuant to Local Civil Rule 37.2 and Part 2.A of the Court's Individual Practices.  Plaintiff seeks a protective order permitting the identity of Plaintiff's President and Director ("Individual 1") to be disclosed on an "outside counsel only" basis.  While the Republic has refused, there is good cause for such a protective order because Individual 1 is an Argentine national who has a credible fear of retaliation by the Argentine Republic.

**Relevant Background**

Defendants' Interrogatory No. 1 demands that Plaintiff "[i]dentify all Persons with knowledge of Plaintiffs' acquisition of their beneficial holdings in the GDP-linked Securities . . . ."  In response, Plaintiff sought to identify Individual 1 on an "outside counsel only" basis (*i.e.*, disclosure only to the Republic's U.S. outside counsel at Sullivan & Cromwell LLP).  Because the current protective order does not explicitly provide for such treatment (*see* ECF 38 ¶¶13, 16(b)), Plaintiff requested the Republic's consent on December 10 and again on December 22.

On December 15, Plaintiff served supplemental interrogatory responses that identified Individual 1 by title (but redacted Individual 1's name pending the Republic's consent to "outside counsel only" treatment).  On January 7, the Republic declared that the parties are "at an impasse," asserting that Individual 1's concerns of retaliation "are completely unsubstantiated."

**"Outside Counsel Only" Treatment Is Warranted to Protect Individual 1 from Retaliation**

In light of Individual 1's security and privacy interests, there is "good cause" under Rule 26(c)(1) for ordering "outside counsel only" treatment to "protect [Individual 1] from annoyance, embarrassment," and "oppression."  This action seeks significant damages and alleges that the



January 10, 2022
Page 2

Republic pursued a bad faith course of conduct and breached the Global Security and the covenant of good faith and fair dealing.  As an Argentine national associated with this litigation, Individual 1 credibly fears economic and other retaliation if the Republic were to learn of Individual 1's identity.

That fear is well-founded.  The Republic has a long history of harassment and reprisals against individuals who have investigated or opposed the Republic and its officials, including just last month the "purge" of over forty career government employees at AFIP who had investigated Vice-President Kirchner.[1]  As reported by La Nación, "At least forty AFIP functionaries and employees were pushed aside, reassigned to lower positions or, even, humiliated.  The reason?  Having investigated the Kirchner family … and in certain cases having testified against them …." *Id.*  The reprisals included the demotion of senior functionaries to entry-level positions and reductions in salaries across multiple offices throughout the country.

Courts routinely restrict the disclosure of witness identities in such circumstances.  For example, in *Chevron Corp. v. Donziger*, 2013 WL 646399, at *1, 4 (S.D.N.Y. Feb. 21, 2013), Judge Kaplan ordered "outside counsel only" disclosure of two witnesses' identities because the witnesses—located in Ecuador—"fear[ed] reprisals against their families and themselves."[2]  Judge Kaplan also noted the "environment" in Ecuador, including reports that its current government was "intolerant of dissent," and findings of the U.S. State Department's Country Report on Human Rights Practices of "credible reports that security forces . . . used excessive force and committed isolated unlawful killings," that authorities "often allowed frivolous charges to be brought . . . as a means of harassment in civil cases," and that "the judiciary was susceptible to outside pressure and corruption."  *Id.* at *10-11.

Argentina fares no better.  According to the State Department's 2020 Country Report, "[s]ignificant human rights issues included: unlawful and arbitrary killings and torture by federal and provincial police; harsh and life-threatening prison conditions; significant problems with the independence of the judiciary; [and] serious acts of corruption . . . ."  For example:[3]

---

[1]  LA NACIÓN, La AFIP desplazó a 40 funcionarios que investigaron a Cristina y a Báez (Dec. 5, 2021), available at https://www.lanacion.com.ar/politica/la-afip-desplazo-a-40-funcionarios-que-investigaron-a-cristina-y-a-baez-nid05122021/.

[2] *See also Rosas v. Alice's Tea Cup, LLC*, 127 F. Supp. 3d 4, 10-11 (S.D.N.Y. 2015) (preventing disclosure of immigration status due to danger of intimidation and non-relevance); *Santiago v. City of Chicago*, No. 09 C 3137, 2010 WL 1257780, at *4 (N.D. Ill. Mar. 26, 2010) (granting "attorney's eyes only protective order" to allow "counsel to discover potentially relevant information" while protecting affected individuals' "privacy interests" and "confidentiality").

[3]  *Available at* https://www.state.gov/reports/2020-country-reports-on-human-rights-practices/argentina/.



January 10, 2022
Page 3

- "There were several reports that the government or its agents committed arbitrary or unlawful killings."

- "Judges' broad discretion on whether and how to pursue investigations contributed to a public perception that many decisions were arbitrary."

- "[M]ultiple reports alleged that executive, legislative, and judicial officials engaged in corrupt practices with impunity . . . ."

The Republic cannot overcome this reality, and it has cited no authority holding that a witness who fears retaliation from a party must be identified to that party.

**The Republic Will Suffer No Prejudice and Has No Basis to Oppose**

Finally, the Republic has not—and cannot—demonstrate any actual need to know Individual 1's name. The Republic's sole justification is a vague claim that it somehow needs this information to "participate" in its defense and for "preparing a discovery strategy." But none of this depends on the Republic itself knowing Individual 1's name. The Republic is ably represented by a large team of outside counsel at Sullivan & Cromwell LLP (who have already propounded voluminous discovery requests), and Plaintiff is willing to disclose Individual 1's identity to those attorneys. *See Mujae Grp., Inc. v. Spotify USA Inc.*, No. 20 CIV. 6719 (AKH), 2021 WL 3417485, at *1 (S.D.N.Y. June 30, 2021) (rejecting party's request to access attorneys' eyes only information, since party "retained a team of sophisticated counsel" who could "review and analyze" such information). Disclosing Individual 1's name to the Republic itself would serve no legitimate purpose, while needlessly exposing Individual 1 to retaliation.

In light of the foregoing, Plaintiff respectfully submits that the Court should issue a protective order limiting the disclosure of Individual 1's identity to the Republic's U.S. counsel of record at Sullivan & Cromwell LLP. We appreciate the Court's attention to this matter.

Respectfully submitted,

/s/ Javier Bleichmar

Javier Bleichmar


cc:     All counsel of record in the GDP Actions (by email)